## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI
#### No. 220

No. 19245—The State ex rel. Thor Haavind, as Receiver in Bankruptcy of the Norske-Lloyd Insurance Company, Ltd., vs. Charles C. Crabbe as Attorney General, et al.

No. 19246—The State, ex rel. Herbert Burgess, as Liquidator of the City Equitable Fire Insurance Company, Ltd., vs. Charles C. Crabbe as Attorney General, et al. In Mandamus.

1002. RECEIVERS—Appointed by foreign court not bound to be recognized by courts of Ohio. Rests upon comity.

747. MANDAMUS—Will not lie to compel attorney general to commence action for distribution of fund held in this state for benefit of policy holders of foreign insurance company until some such beneficiary applies for commencement of civil action under 641 GC.

ALLEN, J.

1. The standing in Ohio Courts of a receiver or liquidator appointed by a court in a foreign country depends upon comity only. As a matter of strict right the courts of this state are not bound to recognize a receiver or liquidator appointed in a foreign country.

2. While upon considerations of judicial comity the courts of this state may recognize a receiver or liquidator appointed in another state, judicial comity does not require Ohio courts to recognize a foreign receiver or liquidator applying under Section 641, General Code for distribution of a fund which is held in this state for the benefit and security of the policy holders of a foreign insurance corporation, doing business within this state.

3. A writ of mandamus will not issue to compel the attorney general of the state of Ohio to bring an action under Section 641, General Code, until after some person entitled to participate in the deposit in question, or the proceeds arising therefrom, has applied to the attorney general for the commencement of a civil action under such statute. Until all valid claims of all policy-holders and creditors have been settled under the statute, a liquidator or receiver is not "a person entitled to participate in the deposit in question, or the proceeds arising therefrom" within the purview of Section 641, General Code.

Writs denied.

Marshall, CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.